UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EMPIRE TODAY, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 08-11999-JLT |
| | * | |
| NATIONAL FLOORS DIRECT, INC., | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

September 23, 2010

TAURO, J.

After reviewing the Parties' submissions, this court hereby orders that:

1. Plaintiff's <u>Motion in Limine to Exclude the Affirmative Damages Opinion of Frank Zito</u> [#210] is ALLOWED. Mr. Zito's Affirmative Opinion did not make the appropriate disclosure requirements of Federal Rule of Civil Procedure 26(a)(2) and falls short of the expert testimony requirements of Federal Rule of Evidence 702.

2. Robert Carter's <u>Motion to Quash Third-Party Trial Subpoena</u> [#211] is ALLOWED. Mr. Carter is not a party to this case.[1] He has had no involvement with the case since his lengthy deposition.[2] Given his personal circumstances and

---

[1] This fact is entitled to special weight in evaluating the balance of competing needs. <u>Cusumano v. Microsoft Corp.</u>, 162 F.3d 708, 717 (1st Cir. 1998).

[2] Mot. to Quash ¶ 2 [#211].

limited time,[3] there is an apparent imbalance between Plaintiff's further need for and the imposition on Mr. Carter.[4] Compliance with the subpoena would therefore create an undue burden on Mr. Carter.[5]

3. Plaintiff's Motion in Limine to Exclude the Survey Report and Testimony of Robert L. Klein [#212] is DENIED WITHOUT PREJUDICE to raising appropriate objections at trial.

4. Defendants' Motion in Limine to Exclude Empire's Sales Representative Agreements [#214] is DENIED.

5. Plaintiff's Motion in Limine to Exclude Any Reference to or Testimony or Evidence Regarding an Unrelated Lawsuit Brought Against Empire [#215] is ALLOWED.

6. Plaintiff's Motion in Limine to Exclude Evidence or Testimony Regarding Plaintiff's Google Adwords Purchases [#216] is ALLOWED. The relevance of the evidence is minimal, at best,[6] and its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.[7]

---

[3] Mot. to Quash ¶ 4 [#211].

[4] Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 42 (1st Cir. 2003).

[5] Fed. R. Civ. P. 45(c)(3)(iv).

[6] Fed. R. Evid. 402. The de minimis activity occurred in July 2006 and is barred by the statute of limitations. M.G.L. ch. 260 § 2A; Kusek v. Family Circle, Inc., 894 F. Supp. 522, 530 (D. Mass. 1995).

[7] Fed. R. Evid. 403.

7. Defendants' Motion in Limine to Exclude Evidence on Samuel Rosenberg's Consent Judgment [#218] is ALLOWED.[8]

8. Defendants' Motion in Limine to Exclude Empire's Previously Undisclosed Witnesses [#219] is ALLOWED.[9]

9. Defendants' Motion in Limine to Preclude Empire from Proceeding to Trial on a Theory of Initial Confusion in Support of Count VII of Its Third Amended Complaint [#220] is ALLOWED. The First Circuit has yet to squarely address initial interest confusion.[10] Moreover, this case is not the sort of circumstance in which district courts in the First Circuit have applied the theory.[11]

10. Defendants' Motion in Limine to Exclude Empire's Proposed Exhibits 3, 42, 45 and 63 [#221] is ALLOWED IN PART and DENIED IN PART. This Motion is ALLOWED with respect to Exhibits 3, 42, and 45. The exhibits' relevance, if

---

[8] Fed. R. Evid. 402, 403.

[9] Fed. R. Civ. P. 26(a)(1)(A).

[10] Hearts on Fire Co., LLC v. Blue Nile, Inc., 603 F. Supp. 2d 274, 286 (D. Mass. 2009) (collecting cases).

[11] This situation is more akin to the "choice-enhancing menu" situation that does not give rise to a Lanham Act claim and less akin to the "misleading billboard" situation. Id. at 287 (concluding, in the context of a motion to dismiss, that a plaintiff pleading initial interest confusion must show a genuine and substantial likelihood of confusion). In Blue Nile, Judge Gertner found that initial interest confusion applied where plaintiff provided sufficient allegations to support its claim that consumers were likely confused in some sustained fashion (and potentially misled) in a case between two "not plain or obvious competitors." Id. at 288 (explaining that a consumer might easily believe that defendant, an internet retailer, was an authorized retailer of plaintiff, a wholesaler).

any,[12] is substantially outweighed by the likelihood of confusing the jury.[13] In all other respects, this Motion is DENIED.[14]

11. Defendants' <u>Motion to Strike Plaintiff's "Likelihood of Confusion Study," or Alternatively Motion in Limine to Exclude Same</u> [#225] is ALLOWED.

12. Defendants' <u>Supplemental Motion in Limine to Exclude Empire's Declarations in Lieu of Live Testimony</u> [#239] is ALLOWED.[15]

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[12] Fed. R. Evid. 402. The exhibits are not evidence of the actual text of the sponsored links that form the basis of Plaintiff's complaint.

[13] Fed. R. Evid 403. The exhibits are demonstrative evidence that could "easily seem to resemble the actual occurrence." <u>Fusco v. Gen. Motors Corp.</u>, 11 F.3d 259, 263-64 (1st Cir. 1993).

[14] Exhibit 63 is an Empire sales representative agreement, not a Google screenshot. Pl.'s Pre-Trial Mem., Ex. 6, 5 [#222].

[15] The witnesses' testimony must be taken in open court. <u>See</u> Fed. R. Civ. P. 43(a).